UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JODIE SIELOFF, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CARBURETORS UNLIMITED INC., a Washington for profit Corporation, STEPHEN PRUYNE, individually and/or the marital community composed of himself and Bobbie Pruyne, and BOBBIE PRUYNE, individually, and/or the marital community composed of herself and Stephen Pruyne,<br><br>Defendants. | No. 3:22-cv-5341<br><br>PLAINTIFF'S COMPLAINT<br><br>**JURY TRIAL DEMANDED** |

COMES NOW the Plaintiff, Jodie Sieloff ("Plaintiff"), by and through her undersigned attorneys of record, for her Complaint against Defendants Carburetors Unlimited Inc. ("Carburetors Unlimited"), Stephen Pruyne individually and/or his marital community, and Bobbie Pruyne individually and/or her marital community (collectively "Defendants") hereby states and alleges as follows:

## I.   INTRODUCTION

1.1   This is a complaint for violations of the Fair Labor Standards Act of 1938, as amended,

PLAINTIFF'S COMPLAINT - 1

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA 98109
Phone: (206) 388-5887

29 U.S.C. Section 201, *et. seq.* ("FLSA"), RCW Chapters 49.12, 49.46, 49.48 and 49.52, WAC 296-126-092, breach of contract, unjust enrichment, and wrongful termination in violation of public policy, to recover actual and consequential damages, liquidated damages, exemplary damages, and attorneys' fees and costs owed to Plaintiff.

1.2    At all material times, Defendants willfully failed to pay Plaintiff at least the full minimum wage for all hours worked, willfully failed to pay Plaintiff proper overtime as required by the FLSA, RCW Chapters 49.46, 49.48, 49.52, and other applicable laws, willfully failed to provide Plaintiff with meal and rest breaks required under RCW 49.12 and WAC 296-126-092, willfully breached their contract(s) with Plaintiff concerning her compensation, were unjustly enriched, made unlawful deductions and diversions from Plaintiff's pay, willfully violated Plaintiff's rights under Washington's Paid Sick and Safe leave law (RCW 49.46.200 et seq.), willfully failed to pay Plaintiff all wages due at the end of her employment, and otherwise willfully violated the above-identified laws and other applicable laws, and wrongfully terminated Plaintiff's employment in violation of public policy.

## II.    PARTIES, JURISDICTION, AND VENUE

2.1    Plaintiff is a resident of Fairbanks, Alaska.  She is of age and otherwise qualified to bring this action.

2.2    During all relevant times, Plaintiff was an employee of Defendants, and Defendants were Plaintiff's "employer" as defined by the FLSA and RCW Chapters 49.12, 49.46, 49.48 and 49.52, and otherwise for purposes of the employment laws and common laws which are the subject of Plaintiff's claims.

2.3     During all relevant times, Plaintiff was a Washington-based employee of Defendants, protected by Washington's employment laws and common laws which are the subject of Plaintiff's claims.

2.4     During all relevant times, Plaintiff was engaged in interstate commerce while working for Defendants.

2.5     Defendant Carburetors Unlimited is a Washington Corporation.  During all relevant times its principal place of business was located in Pierce County Washington, and it was otherwise residing and doing business in Pierce County, Washington.

2.6     Upon information and belief, at all relevant times, Carburetors Unlimited was an enterprise engaged in commerce as defined by the FLSA.

2.7     Upon information and belief, at all relevant times, Carburetors Unlimited (a) had at least two employees engaged in interstate commerce and/or engaged in handling, selling, or otherwise working on goods or materials that have been moved in, or produced for, interstate commerce, and (b) had an annual gross volume of sales made or business done of at least $500,000.00.

2.8     Upon information and belief, Defendant Stephen Pruyne is a resident of Pierce County Washington.

2.9     Stephen Pruyne is listed as a Governing Person for Carburetors Unlimited on its corporate filings with the Washington Secretary of State.

2.10    During all times relevant, Stephen Pruyne controlled Carburetors Unlimited, was a co-owner, operator, executive, and/or manager of Carburetors Unlimited, and had operational control over significant aspects of Carburetors Unlimited's day-to-day functions.

2.11    During all times relevant, Stephen Pruyne had the power to hire and fire Carburetors Unlimited's employees, the power to determine the terms, conditions and pay of Carburetors

Unlimited's employees' employment, the power to manage payroll, and the responsibility to maintain Carburetors Unlimited's business and employment records.

2.12   During all times relevant, Stephen Pruyne exercised control over Plaintiff, as well as the terms, conditions, and pay concerning her employment.

2.13   During all times relevant, Stephen Pruyne was Plaintiff's "employer" and subject to the requirements of the FLSA and RCW Chapters 49.12, 49.46, 49.48 and 49.52, and the other employment laws and common laws that are the subject of Plaintiff's claims.

2.14   Stephen Pruyne committed the unlawful acts in Pierce County Washington, and committed such acts in pursuit of financial gain or livelihood for himself, individually, and also on behalf of and for the benefit of his marital community.

2.15   Upon information and belief, Defendant Bobbie Pruyne is a resident of Pierce County Washington.

2.16    During all times relevant, Bobbie Pruyne co-controlled Carburetors Unlimited, was a co-owner, operator, executive, and/or manager of Carburetors Unlimited, and had operational control over significant aspects of Carburetors Unlimited's day-to-day functions.

2.17   Upon information and belief, during all times relevant, Bobbie Pruyne had the power to hire and fire Carburetors Unlimited's employees, the power to determine the terms, conditions and pay of Carburetors Unlimited's employees' employment, the power to manage payroll, and the responsibility to maintain Carburetors Unlimited's business and employment records.

2.18   During all times relevant, Bobbie Pruyne exercised control over Plaintiff, as well as the terms, conditions, and pay concerning her employment.

2.19   Upon information and belief, during all times relevant, Bobbie Pruyne was Plaintiff's "employer" and subject to the requirements of the FLSA and RCW Chapters 49.12, 49.46, 49.48

and 49.52, and the other employment laws and common laws that are the subject of Plaintiff's claims.

2.20   Upon information and belief, Bobbie Pruyne committed the unlawful acts in Pierce County Washington, and committed such acts in pursuit of financial gain or livelihood for herself, individually, and also on behalf of and for the benefit of her marital community.

2.21   Defendants are each jointly and severally liable for the alleged unlawful actions and resulting damages and remedies sought herein.

2.22   During all times relevant, Defendants employed Plaintiff in Pierce County, Washington and committed the unlawful acts alleged in this action in Pierce County, Washington.

2.23   The amount in controversy exceeds $75,000 exclusive of interest and costs.

2.24   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

2.25   Venue is proper in this court, pursuant to 28 U.S.C. § 1391(b)(1) and (2), and pursuant to 28 U.S.C. § 128(b).

### III.   STATEMENT OF FACTS

3.1   The following facts are not exhaustive and merely provide support for Plaintiff's claims.

3.2   Plaintiff began working for Defendants in or about 2007.

3.3   Carburetors Unlimited sells carburetor parts and other car engine parts and related items worldwide through a storefront located in Pierce County, Washington, through its website, and through e-bay.

3.4    Upon information and belief, during all relevant times Defendants' annual gross volume of such sales amount to at least $500,000.

3.5   Upon information and belief, in addition to Plaintiff, Defendants employ Bobbie Pruyne and their sons, Andrew and Nic Pruyne.

3.6     Bobbie Pruyne's work for Defendants includes, but is not limited to, bookkeeping, labeling, and shipping sold items to customers located in various states and countries.

3.7     Andrew Pruyne's work for Defendants includes, but is not necessarily limited to, pulling orders off shelves and putting away product.

3.8     Nic Pruyne's work for Defendants includes addressing information technology issues.

3.9     Plaintiff's work for Defendants included sales, customer service, data entry, administrative matters, and any other tasks asked of her by Defendants.  On behalf of Defendants, Plaintiff regularly made phone calls to, and received phone calls from, customers located in various states and countries, exchanged emails with customers located in various states and countries, communicated with vendors located outside of Washington, assisted with shipping items to customers located in various states and countries, updated pricing on inventory, managed Defendants' presence on [www.ebay.com](www.ebay.com), including sales, and otherwise assisted Defendants with the operations of their business.

3.10    During all relevant times, until Plaintiff moved to Alaska in approximately August 2021, Plaintiff worked at Defendants' store located in Sumner Washington, as well as at home and other locations in and around Pierce County in the evenings and on weekends.  Plaintiff also worked at times while on unpaid vacations in other areas in and out of Washington.

3.11    After Plaintiff moved to Alaska in approximately August 2021, Plaintiff worked for Defendants primarily from her home.

3.12    Upon information and belief, from the time Plaintiff moved to Alaska in approximately August 2021 until the time Defendants unlawfully started paying Plaintiff as an independent contractor instead of as an employee through payroll in January 2022, Defendants continued to take deductions from Plaintiff's pay for Washington Labor and Industries benefit programs and

PLAINTIFF'S COMPLAINT - 6

**Rekhi & Wolk, P.S.**
529 Warren Ave N., Suite 201
Seattle, WA  98109
Phone: (206) 388-5887

for Washington Family Paid Leave, and continued to accrue Washington Paid Sick and Safe Time for Plaintiff.

3.13    In January 2022, Defendants had Plaintiff sign an "Independent Contractor Agreement," purporting to change Plaintiff's status as independent contractor instead of as an employee.

3.14    After Defendants began paying Plaintiff pursuant to the "Independent Contractor Agreement," Defendants no longer paid Plaintiff through payroll, unlawfully extinguished Plaintiff's available Washington Paid Sick and Safe Time, stopped accruing Washington Paid Sick and Safe Time for Plaintiff, and violated employment tax laws.

3.15    Plaintiff's duties did not change after she signed the "Independent Contractor Agreement," and her relationship with Defendants and their oversight and direction of her work did not materially change.

3.16    After Plaintiff signed the "Independent Contractor Agreement," the work she performed for Defendants was not by virtue of her being in business for herself.

3.17    Plaintiff did not register a business with the state for the services provided.

3.18    Plaintiff did not engage in marketing, solicit clients, or otherwise attempt to provide such services to others as an independent contractor.

3.19    Defendants continued to control the manner in which Plaintiff performed her job.

3.20    Defendants did not give Plaintiff the option to hire people to do the work she performed.

3.21    Plaintiff had no opportunity for profit or loss, depending on her managerial skill.

3.22    Plaintiff's working relationship with Defendants was permanent for over 10 years.

3.23    The work Plaintiff performed for Defendants was an integral part of Defendants' business.

3.24    During all relevant times, Defendants suffered and/or permitted Plaintiff to work over forty hours per workweek for them.

3.25 During all relevant times, Defendants willfully did not pay Plaintiff for all the work she performed, and willfully did not pay Plaintiff time and a half her regular rate of pay for the overtime hours she worked, in violation of the FLSA and other relevant laws cited herein.

3.26 During all relevant times, Defendants did not make, keep, or preserve accurate records as required by the FLSA and Washington laws that are the subject of Plaintiff's claims.

3.27 Upon information and belief, during all relevant times, Defendants willfully did not accurately accrue for Plaintiff's Paid Sick and Safe leave under Washington law.

3.28 During all relevant times until Defendants began paying Plaintiff pursuant to the "Independent Contractor Agreement," Defendants paid Plaintiff a flat rate of $200 per month for her work on maintaining Defendants' presence on www.ebay.com. During all relevant times, Defendants failed to track Plaintiff's hours worked and failed to pay her overtime compensation when she worked in excess of forty hours per week, which regularly included her work on the www.ebay.com site.

3.29 During all relevant times until Defendants began paying Plaintiff pursuant to the "Independent Contractor Agreement," commissions were a part of Plaintiff's agreed-upon compensation with Defendants. During all relevant times, such commissions were not Plaintiff's primary compensation, instead, her hourly pay reflected the majority of her compensation.

3.30 Defendants regularly and willfully failed to comply with its commission agreement with Plaintiff by paying her less than the commissions she earned per the agreement.

3.31 Defendants regularly and willfully made unlawful deductions from Plaintiff's commissions and compensation.

3.32 Defendants willfully failed to reimburse Plaintiff for business expenses she incurred on behalf of Defendants.

3.33     During all relevant times, Defendants willfully failed to comply with Washington state law requirements concerning Plaintiff's meal and rest breaks. Plaintiff did not receive a 10-minute rest break for every four hours of work. She likewise did not receive a thirty-minute meal break for every five hours of work. Defendants failed to encourage or schedule such breaks and there was no method to report missed breaks and receive compensation for such missed breaks.

3.34     During all relevant times, Defendants willfully failed to provide Plaintiff with rest or meal breaks to which she was entitled under Washington law.

3.35     Plaintiff did not knowingly and voluntarily waive her rights under Washington law to unpaid and/or paid meal breaks.

3.36     During all relevant times, Defendants willfully failed to pay Plaintiff the required additional compensation for her missed rest and meal breaks and failed to account for them for overtime purposes.

3.37     Plaintiff married Bobbie and Stephen Pruyne's son, Andrew Pruyne, in July 2007.

3.38     Plaintiff and Andrew Pruyne have three children together, all under 18 years of age.

3.39     Plaintiff separated from Andrew in June 2021 and they divorced in October 2021.

3.40     Pursuant to the divorce terms, the children lived with Plaintiff other than during every other holiday and four weeks in the summer, during which they were to stay with Andrew.

3.41     In March 2022, acting in what she believed were the best interests of her children, Plaintiff filed for full custody of her and Andrew Pruyne's children, and for Andrew to have two supervised visits with the children per year.

3.42     Andrew Pruyne was served with the custody paperwork on March 10, 2022.

3.43     That same day, after Andrew was served with the custody paperwork, Defendants cut off Plaintiff's access to Defendants' phone and computer systems.

3.44    Defendants emailed Plaintiff the following morning, notifying her that her employment with them was terminated, effective immediately.

3.45    By filing for full custody of her children, Plaintiff exercised a legal right that reflects a clear public policy of Washington state.

3.46    Plaintiff's exercise of her legal right was a substantial factor in Defendants' termination of her employment.

3.47    Defendants' actions outlined above were willful, wanton, malicious, oppressive, and in reckless disregard of Plaintiffs' rights.

### IV.    FIRST CAUSE OF ACTION
### (Willful Violations of the FLSA Overtime Provision)

4.1    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth in full herein.

4.2    By the actions alleged above, Defendants failed to pay Plaintiff's wages and/or overtime compensation for hours worked over forty in any workweek, in violation of FLSA and RCW 49.52.050.

4.3    Defendants' violations of FLSA and RCW 49.52.050 were willful.

4.4    Because of the above, Plaintiff has suffered damages.

4.5    Defendants were Plaintiff's "employer(s)" under FLSA and RCW 49.52.050.

4.6    As a result of Defendants' unlawful actions, Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recover such amounts, including interest and/or liquidated damages thereon, exemplary damages, attorneys' fees and costs, all such other relief as the Court deems just, equitable, and appropriate.

## V. SECOND CAUSE OF ACTION
### (Willful Violations of RCW 49.46.130)

5.1 Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth in full herein.

5.2 By the actions alleged above, Defendants failed to pay Plaintiff's wages and/or overtime compensation for hours worked over forty in any workweek, in violation of RCW 49.46.130 and RCW 49.52.050.

5.3 Defendants' violations of RCW 49.46.130 and RCW 49.52.050 were willful.

5.4 Because of the above, Plaintiff has suffered damages.

5.5 Defendants were Plaintiff's "employer(s)" under RCW 49.46 and RCW 49.52.050.

5.6 As a result of Defendants' unlawful actions, Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recover such amounts, including interest thereon, exemplary damages, attorneys' fees and costs, all such other relief as the Court deems just, equitable, and appropriate.

## VI. THIRD CAUSE OF ACTION
### (Willful Violations of Washington's Meal and Rest Break Laws)

6.1 Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth in full herein.

6.2 RCW 49.12.020 makes it unlawful to employ any Washington-based employee under "conditions of labor detrimental to their health." RCW 49.12.005(5) defines "conditions of labor" to include rest breaks and meal periods.

6.3 WAC 296-126-092 requires employers to provide employees with a paid rest break of at least ten minutes during every four hours worked.

6.4 WAC 296-126-092 also requires employers to provide employees with a meal break of at least 30 minutes during every five hours worked. Such meal breaks must be paid when the

employer requires the employee to remain on duty on the premises or at a prescribed work site in the interest of the employer.

6.5    Defendants were Plaintiff's "employer(s)" under RCW 49.12 and RCW 49.52.050.

6.6    By the actions alleged above, Defendants willfully failed to provide Plaintiff with rest periods and meal breaks as required by law.

6.7    By the actions alleged above, Defendants have willfully violated WAC 296-126-092, RCW 49.12.020, and RCW 49.52.050.

6.8    Because of the above, Plaintiff has suffered damages.

6.9    As a result of Defendants' unlawful actions, Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recover such amounts, including interest thereon, exemplary damages, attorneys' fees and costs, all such other relief as the Court deems just, equitable, and appropriate.

## VII.    FOURTH CAUSE OF ACTION
### (Willful Violations of Washington's Paid Sick and Safe Leave Laws)

7.1    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth in full herein.

7.2    RCW 49.46.200 et seq., and related regulations (WAC 296-128-600 et seq.) set forth employees' rights and remedies under Washington's Paid Sick and Safe Leave ("PSSL") laws. These rights include, for example, to accrue PSSL for all hours worked, to carry over up to 40 hours of unused PSSL annually, to use PSSL for specified reasons, and other rights enumerated in these laws.

7.3    Defendants were Plaintiff's "employer(s)" under RCW 49.46 and WAC 296-128-600.

7.4    By the actions alleged above, Defendants willfully violated Plaintiff's rights under Washington's Paid Sick and Safe Leave laws.

7.5 Because of the above, Plaintiff has suffered damages.

7.6 As a result of Defendants' unlawful actions, Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recover such amounts, including interest thereon, exemplary damages, attorneys' fees and costs, all such other relief as the Court deems just, equitable, and appropriate.

### VIII.   FIFTH CAUSE OF ACTION
### (Willful Violations of RCW 49.48.010)

8.1 Plaintiff realleges and incorporate by reference each and every allegation set forth in the preceding paragraphs as though set forth in full herein.

8.2 RCW 49.48.010 provides that "[w]hen any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period."

8.3 By the actions set forth above, Defendants failed to pay to Plaintiff all wages due to her, including at the time of her termination.

8.4 In addition, RCW 49.48.010 provides that, except for in certain circumstances not applicable here, "it shall be unlawful for any employer to withhold or divert any portion of an employee's wages …".

8.5 By the actions set forth above, Defendants willfully withheld and/or otherwise diverted portions of Plaintiff's wages in violation of RCW 49.48.010 and RCW 49.52.050.

8.6 Defendants were Plaintiff's "employer" under RCW 49.48 and RCW 49.52.050.

8.7 Because of Defendants' unlawful acts, Plaintiff has been deprived of compensation in amounts to be determined at trial and is entitled to the recovery of such damages, including interest thereon, exemplary damages, and all such other relief as the Court deems just, equitable, and appropriate. Pursuant to RCW 49.48.030 and RCW 49.52.070, Plaintiff is also entitled to the

recovery of attorneys' fees and costs.

## IX. SIXTH CAUSE OF ACTION
### (Willful Breach of Contract)

9.1     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth in full herein.

9.2     Defendants and Plaintiff entered into contract(s) concerning her employment, including concerning the payment of commissions.

9.3     Plaintiff performed according to the terms of the contract(s).

9.4     By the actions alleged above, Defendants willfully breached their contract(s) with Plaintiff concerning payment of her commissions, and willfully violated RCW 49.52.050.

9.5     Because of Defendants' unlawful acts, Plaintiff has been deprived of compensation in amounts to be determined at trial and is entitled to the recovery of such damages, including interest thereon, exemplary damages, and all such other relief as the Court deems just, equitable, and appropriate.  Pursuant to RCW 49.48.030 and RCW 49.52.070, Plaintiff is also entitled to the recovery of attorneys' fees and costs.

## X. SEVENTH CAUSE OF ACTION
### (Willful Violations of RCW 49.52.050)

10.1    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth in full herein.

10.2    By the actions alleged above, Defendants paid Plaintiff lower wages than the wages they were obligated to pay Plaintiff by statute, ordinance and contract, and Defendants received from Plaintiff a rebate of wages theretofore paid to Plaintiff.

10.3    Defendants committed these unlawful actions willfully, and with the intent to deprive Plaintiff of wages to which she was entitled.

10.4    Defendants knowingly and willfully failed to pay Plaintiff for all wages owed at

termination, in violation of RCW 49.48.010.

10.5 RCW 49.52.050 provides that any employer who, "[w]ilfully and with intent to deprive the employee of any party of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

10.6 Willful violations of RCW 49.48.010, as discussed above, constitute violations of RCW 49.52.050.

10.7 RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

10.8 Defendants were Plaintiff's "employer(s)" under this law.

10.9 By the actions alleged above, Defendants violated RCW 49.52.050.

10.10 Because of the willful, unlawful acts of Defendants, Plaintiff has been deprived of compensation in amounts to be determined at trial and, pursuant to RCW 49.52.070, Plaintiff is entitled to recovery of twice such damages, interest on such damages, and attorneys' fees and costs.

## XI. EIGHTH CAUSE OF ACTION
### (Unjust Enrichment)

11.1 Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth in full herein.

11.2 By the actions alleged above, Plaintiff conferred substantial benefits upon Defendants.

11.3 As set forth above, Defendants knew of the benefits they had been receiving from Plaintiff and accepted those benefits.

11.4 Defendants have been unjustly enriched by accepting Plaintiff's benefits without paying

Plaintiff for those services in full or otherwise for the value of the services she provided.

11.5   As a result of Defendants' unlawful actions, Plaintiff is entitled to recover compensation for the value of the services she performed in an amount to be proven at trial, including interest thereon, attorneys' fees and costs (including under RCW 49.48.030), and all such other relief as the Court deems just, equitable, and appropriate.

## XII.   NINTH CAUSE OF ACTION
### (Wrongful Termination in Violation of Public Policy)

12.1   Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth in full herein.

12.2   Plaintiff was exercising a legal right and/or privilege when she filed for full custody of her and Andrew Pruyne's children.

12.3   Terminating an employee for exercising her legal right and/or privilege to seek to obtain full custody of her children jeopardizes clear a public policy under Washington law.

12.4   Plaintiff's filing for full custody of her and Andrew Pruyne's children was a substantial factor in Defendants' termination of her employment.

12.5   Defendants' termination of Plaintiff's employment constitutes wrongful discharge in violation of public policy under Washington law.

12.6   Because of the above, Plaintiff has suffered damages.

12.7   As a result of Defendants' unlawful actions, Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recover such amounts, including interest thereon, attorneys' fees and costs, all such other relief as the Court deems just, equitable, and appropriate.

## XIII.   PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests this Court to enter judgment against Defendants

as to each cause of action set forth above, and to grant the following relief as appropriate for each cause of action:

13.1  Award Plaintiff all wages, compensation, back pay, liquidated damages, actual, consequential, incidental, exemplary, compensatory, and punitive damages, all other damages set forth above in the Claims for Relief, and / or statutory damages as provided for by law and in equity to the fullest extent permitted by each of the above causes of action;

13.2  Award attorneys' fees and costs to Plaintiff's attorneys, as allowed by law;

13.3  Award pre-judgment and post-judgment interest to Plaintiff, as provided by law;

13.4  Order Defendants to pay Plaintiff for any and all tax consequences associated with the damages and cost award, including but not limited to attorney's fees; and,

13.5  Grant such other and further relief as this Court deems appropriate, equitable, or just.

Dated this 12th day of May 2022.

**DONOVAN EMPLOYMENT LAW PLLC**

By: *s/ William R. Donovan*
William Robert Donovan, Jr., WSBA No. 44571
E-Mail: bob@donovanemploymentlaw.com
4500 Ninth Ave NE, Suite 300
Seattle, WA 98105
Telephone: (206) 743-9234

*Attorney for Plaintiff*

**REKHI & WOLK, P.S.**

By: *s/ Gregory A. Wolk*
    Gregory A Wolk, WSBA No. 28946
    E-mail: greg@rekhiwolk.com
By: *s/ Hardeep S. Rekhi*
    Hardeep S. Rekhi, WSBA No. 34579
    E-mail: hardeep@rekhiwolk.com
By: *s/ Jennifer T. Song*
    Jennifer T. Song, WSBA No. 39801
    E-mail: jennifer@rekhiwolk.com
    529 Warren Ave N., Suite 201
    Seattle, WA 98109
    Telephone: (206) 388-5887

*Attorneys for Plaintiff*