THE HONORABLE JOHN C. COUGHENOUR

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JODIE SIELOFF, | |
| Plaintiff, | NO. C22-5341-JCC-SKV |
| v. | STIPULATED PROTECTIVE ORDER |
| CARBURETORS UNLIMITED INC., et al., | |
| Defendants. | |

**COME NOW** the parties, Plaintiff Jodie Sieloff and Defendants Carburetors Unlimited Inc., Stephen Pruyne, and Bobbie Pruyne, and stipulate, agree, and move the Court to enter the Stipulated Protective Order as set forth herein:

1.      PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential

**Donovan Employment Law PLLC**
4500 Ninth Avenue NE
Suite 300
Seattle, WA  98105
Phone: (206) 743-9234

1  treatment under the applicable legal principles, and it does not presumptively entitle parties to

2  file confidential information under seal.

3  2.      "CONFIDENTIAL" MATERIAL

4      "Confidential" material shall include the following documents and tangible things

5  produced or otherwise exchanged: private information in employment or other files, healthcare

6  records, non-party personal and employment related information, records that could be valuable

7  to a business competitor, and non-public and proprietary business records.

8  3.      SCOPE

9      The protections conferred by this agreement cover not only confidential material (as

10  defined above), but also (1) any information copied or extracted from confidential material; (2)

11  all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

12  conversations, or presentations by parties or their counsel that might reveal confidential material.

13  However, the protections conferred by this agreement do not cover information that is in the

14  public domain or becomes part of the public domain through trial or otherwise.

15  4.      ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

16      4.1     Basic Principles. A receiving party may use confidential material that is disclosed

17  or produced by another party or by a non-party in connection with this case only for prosecuting,

18  defending, or attempting to settle this litigation. Confidential material may be disclosed only to

19  the categories of persons and under the conditions described in this agreement. Confidential

20  material must be stored and maintained by a receiving party at a location and in a secure manner

21  that ensures that access is limited to the persons authorized under this agreement.

22      4.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

23  ordered by the court or permitted in writing by the designating party, a receiving party may

24  disclose any confidential material only to:

25          (a)     the receiving party's counsel of record in this action, as well as employees

26  of counsel to whom it is reasonably necessary to disclose the information for this litigation;

**Donovan Employment Law PLLC**
4500 Ninth Avenue NE
Suite 300
Seattle, WA  98105
Phone: (206) 743-9234

1    (b)    the officers, directors, and employees of the receiving party to whom

2   disclosure is reasonably necessary for this litigation, unless the parties agree that a particular

3   document or material produced is for Attorney's Eyes Only and is so designated;

4    (c)    experts and consultants to whom disclosure is reasonably necessary for

5   this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

6   A);

7    (d)    the court, court personnel, and court reporters and their staff;

8    (e)    copy or imaging services retained by counsel to assist in the duplication

9   of confidential material, provided that counsel for the party retaining the copy or imaging service

10  instructs the service not to disclose any confidential material to third parties and to immediately

11  return all originals and copies of any confidential material;

12    (f)    during their depositions, witnesses in the action to whom disclosure is

13  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

14  (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

15  transcribed deposition testimony or exhibits to depositions that reveal confidential material must

16  be separately bound by the court reporter and may not be disclosed to anyone except as permitted

17  under this agreement; and

18    (g)    the author or recipient of a document containing the information or a

19  custodian or other person who otherwise possessed or knew the information.

20    4.3    <u>Filing Confidential Material</u>. Before filing confidential material or discussing or

21  referencing such material in court filings, the filing party shall confer with the designating party,

22  in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will

23  remove the confidential designation, whether the document can be redacted, or whether a motion

24  to seal or stipulation and proposed order is warranted. LCR 5(g) sets forth the procedures that

25  must be followed and the standards that will be applied when a party seeks permission from the

26  court to file material under seal. A party who seeks to maintain the confidentiality of its

**Donovan Employment Law PLLC**
4500 Ninth Avenue NE
Suite 300
Seattle, WA 98105
Phone: (206) 743-9234

1    information must satisfy the requirements of LCR 5(g)(3)(B), even if it is not the party filing the

2    motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied,

3    an accordance with the strong presumption of public access to the Court's files.

4    5.    DESIGNATING PROTECTED MATERIAL

5        5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party

6    or non-party that designates information or items for protection under this agreement must take

7    care to limit any such designation to specific material that qualifies under the appropriate

8    standards. The designating party must designate for protection only those parts of material,

9    documents, items, or oral or written communications that qualify, so that other portions of the

10   material, documents, items, or communications for which protection is not warranted are not

11   swept unjustifiably within the ambit of this agreement. Mass, indiscriminate, or routinized

12   designations are prohibited. Designations that are shown to be clearly unjustified or that have

13   been made for an improper purpose (e.g., to unnecessarily encumber or delay the case

14   development process or to impose unnecessary expenses and burdens on other parties) expose

15   the designating party to sanctions. If it comes to a designating party's attention that information

16   or items that it designated for protection do not qualify for protection, the designating party must

17   promptly notify all other parties that it is withdrawing the mistaken designation.

18       5.2    Manner and Timing of Designations. Except as otherwise provided in this

19   agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

20   ordered, disclosure or discovery material that qualifies for protection under this agreement must

21   be clearly so designated before or when the material is disclosed or produced.

22           (a)    Information in documentary form: (e.g., paper or electronic documents

23   and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

24   proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that

25   contains confidential material. If only a portion or portions of the material on a page qualifies for

26

**Donovan Employment Law PLLC**
4500 Ninth Avenue NE
Suite 300
Seattle, WA  98105
Phone: (206) 743-9234

1  protection, the producing party also must clearly identify the protected portion(s) (e.g., by making

2  appropriate markings in the margins).

3        (b)  <u>Testimony given in deposition or in other pretrial or trial proceedings</u>: the

4  parties must identify on the record, during the deposition, hearing, or other proceeding, all

5  protected testimony, without prejudice to their right to so designate other testimony after

6  reviewing the transcript. Any party or non-party may, within fifteen days after receiving a

7  deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential. If a

8  party or non-party desires to protect confidential information at trial, the issue should be

9  addressed during the pre-trial conference.

10        (c)  <u>Other tangible items</u>: the producing party must affix in a prominent place

11  on the exterior of the container or containers in which the information or item is stored the word

12  "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

13  the producing party, to the extent practicable, shall identify the protected portion(s).

14       5.3  <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to

15  designate qualified information or items does not, standing alone, waive the designating party's

16  right to secure protection under this agreement for such material. Upon timely correction of a

17  designation, the receiving party must make reasonable efforts to ensure that the material is treated

18  in accordance with the provisions of this agreement.

19  6.  <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

20       6.1  <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of

21  confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

22  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

23  burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

24  challenge a confidentiality designation by electing not to mount a challenge promptly after the

25  original designation is disclosed.

26

**Donovan Employment Law PLLC**
4500 Ninth Avenue NE
Suite 300
Seattle, WA  98105
Phone: (206) 743-9234

6.2     <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under LCR 7 (and in compliance with LCR 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

**Donovan Employment Law PLLC**
4500 Ninth Avenue NE
Suite 300
Seattle, WA  98105
Phone: (206) 743-9234

8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
       PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

10.    NON-TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return or destroy all confidential material to the producing party, including all copies, extracts and summaries thereof.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

**Donovan Employment Law PLLC**
4500 Ninth Avenue NE
Suite 300
Seattle, WA  98105
Phone: (206) 743-9234

1          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    DATED this 20th day of July, 2022.     DATED this 20th day of July, 2022.

4    DONOVAN EMPLOYMENT LAW PLLC   KRAM & WOOSTER, P.S.

5                                  *s/ Richard H. Wooster (per authorization)*

6    *s/ William Robert Donovan, Jr*      By: s/ Richard H. Wooster
     William Robert Donovan, Jr., WSBA #44571  Richard H. Wooster, WSBA No. 13752

7    4500 Ninth Avenue NE, Suite 300     Allen McKenzie, WSBA No. 48703
     Seattle, WA  98105               1901 South I. Street

8    Telephone: (206) 743-9234        Tacoma, WA 98405
     bob@donovanemploymentlaw.com    Telephone:  (253) 572-4161

9                                rich@kjwmlaw.com
     Attorneys for Plaintiff           allen@kjwmlaw.com

10

11                               Attorneys for Defendants

12

13   DATED this 20th day of July, 2022.

14   REKHI & WOLK, P.S.

15   *s/ Gregory Wolk*

16   Gregory A. Wolk, WSBA #28946
     529 Warren Avenue N., Suite 201

17   Seattle, WA  98109
     Telephone: (206) 388-5887

18   greg@rekhiwolk.com

19

20   Attorneys for Plaintiff

21                      **II.**    **ORDER**

22         PURSUANT TO THE ABOVE STIPULATION, IT IS SO ORDERED.

23         Dated this 21st day of July, 2022.

24

25                               *Kate Vaughan*

26                            S. KATE VAUGHAN
                              United States Magistrate Judge

1

2

Presented by:

3

DATED this 20th day of July, 2022.          DATED this 20th day of July, 2022.

4

DONOVAN EMPLOYMENT LAW PLLC          KRAM & WOOSTER, P.S.

5

6

*s/ William Robert Donovan, Jr*          *s/ Richard H. Wooster (per authorization)*

7

William Robert Donovan, Jr., WSBA #44571   By: s/ Richard H. Wooster

4500 Ninth Avenue NE, Suite 300          Richard H. Wooster, WSBA No. 13752

8

Seattle, WA  98105                       Allen McKenzie, WSBA No. 48703

9

Telephone: (206) 743-9234                1901 South I. Street

bob@donovanemploymentlaw.com             Tacoma, WA 98405

10

Attorneys for Plaintiff                  Telephone:  (253) 572-4161

                                         rich@kjwmlaw.com

11                                       allen@kjwmlaw.com

12                                       Attorneys for Defendants

13

14

DATED this 20th day of July, 2022.

15

REKHI & WOLK, P.S.

16

17

*s/ Gregory Wolk*

Gregory A. Wolk, WSBA #28946

18

529 Warren Avenue N., Suite 201

Seattle, WA  98109

19

Telephone: (206) 388-5887

greg@rekhiwolk.com

20

21

Attorneys for Plaintiff

22

23

24

25

26

**Donovan Employment Law PLLC**
4500 Ninth Avenue NE
Suite 300
Seattle, WA  98105
Phone: (206) 743-9234

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ in the case of *Jodie Sieloff v. Carburetors Unlimited Inc., et al.*, Cause No. 3:22−cv−05341−JCC−SKV, I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed:_____

Printed name: _____

Signature:_____

**Donovan Employment Law PLLC**
4500 Ninth Avenue NE
Suite 300
Seattle, WA  98105
Phone: (206) 743-9234